[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant were married on May 11, 1990. It was the second marriage for each. There is one minor child who is issue of this marriage, Felicia, born October 29, 1991. The plaintiff's minor child Tara from a former marriage lived with the parties while they were together. The defendant's children from a former marriage are grown.
The parties have been living separately since October of 1995. They were previously separated from February to October of 1994, after which they reconciled. The parties' wedding was at 5:00 P.M. on May 11, 1990. At 2:00 P.M. on May 11, 1990, the plaintiff signed a pre-nuptial agreement at the behest of the defendant. The defendant concedes that the timing alone may reasonably lead the court to conclude that the criteria of a valid pre-nuptial agreement are absent here. McHugh v. McHugh,181 Conn. 482, 490 (1980). The court finds the elements of coercion to exist under the circumstances and declines to enforce the pre-nuptial agreement.[1]
CT Page 9369
For many years the defendant had been and is still the owner of a corporation known as New England Barrel Company, Inc. He lists the company as an asset on his current financial affidavit as having an undetermined value. At the time of the marriage, he listed the value on the pre-nuptial schedule as $800,000. The evidence is that the company is doing at least as well now as it was doing in 1990. In other words, the defendant is very well situated financially.
He derives substantial income from New England Barrel, an S corporation, and as the sole shareholder and president is able to set whatever salary or compensation package for himself he chooses consistent with the actual gross profit of the business. In 1993, on a gross profit of $347,617, the company paid compensation to officers of $101,800. In 1994, on a gross profit of $366,944, the company paid compensation to officers of $103,750. Once the reconciliation of the parties failed in 1995, on a gross profit of $340,174, the company paid compensation to officers of only $57,800. The defendant also owns the parcel of real estate on which the commercial enterprise is located. He is able to derive $3500 per month additional personal income in the form of rent.
The plaintiff worked as an office worker in the defendant's business throughout the course of the marriage without being paid a salary. It was her expectation, as well as the defendant's that her uncompensated services to the business ultimately benefited the family unit.
The plaintiff claims that the reason for the dissolution of this marriage is that the defendant began to be physically abusive to her and in fact beat her on a number of occasions. The defendant claims that he knows of no particular reason that his wife decided to move out of the home with her children, but he guesses that she prefers to live with her mother. From the evidence, it is clear that the defendant beat up his wife, injuring her physically and emotionally during this marriage. The court credits her testimony that only now with the help of psychotherapy is she gradually regaining her self-esteem and mental health. The defendant's conduct is the cause of the breakdown of this marriage.
In considering all of the factors in Conn. Gen. Stat. Sec.46b-81 and 82, the court makes the following findings and enters the following orders: CT Page 9370
1. The marriage has broken down irretrievably and a decree of dissolution shall enter.
2. The parties have agreed and the court orders joint legal custody of the one minor child with the primary physical residence to be with the plaintiff mother and rights reasonable visitation with the defendant father. The court renews its order that the defendant attend the parenting education program; notice of the plaintiff's compliance with the order that she do so is already on file. Counsel for the defendant is directed to obtain from the clerk the necessary forms and materials for the defendant to enroll.
3. The court finds the plaintiff's gross weekly income to be $500 with a net of $365. The court finds the defendant's earning capacity and actual earnings from New England Barrel, notwithstanding his claims to the contrary, to be $1900 per week with a net of $1400 per week. Further he grosses another $800 per week from rental income. Using his income from employment alone, since there are expenses connected with the rental income, the court finds that the combined income of the plaintiff and defendant place the child support slightly above the schedule in the child support guidelines. Nonetheless the court believes that the presumptive basic obligation for one child — 18.68% of the combined net income, is appropriate in this case. The court orders the defendant to pay child support at that level in the ratio of his income to that of the plaintiff — 79% — for a child support payment of $261 per week, payable by immediate wage withholding. The court retains jurisdiction to determine whether there are arrears on the pendente lite orders and to enter appropriate orders.
4. The defendant shall pay to the plaintiff as alimony the sum of $250 per week until the death of either party, the remarriage of the plaintiff, or June 30, 2001, whichever event shall first occur. The duration is not subject to extension.
5. The defendant shall be responsible to pay and indemnify and hold the plaintiff harmless on any income tax liability for any year in which they filed joint income tax returns. The plaintiff shall be exclusively entitled to claim the minor child as an exemption for the tax years 1997 and subsequent.
6. The plaintiff shall provide health insurance for the minor CT Page 9371 child as is available through her employment, and the parties shall share the uninsured and unreimbursed health care expenses for the minor child 1/3 by the plaintiff and 2/3 by the defendant.
7. The defendant shall transfer title to the Chevrolet Cavalier automobile to the plaintiff. He shall be entitled to keep all tangible personal property in his possession except for the items such as Christmas ornaments that are contained in the boxes in the attic which he shall turn over to the plaintiff. He shall be entitled to keep the shares of the business New England Barrel, Inc., and the two parcels of real estate, and shall be responsible for all debts associated with the ownership of these properties and shall indemnify and hold the plaintiff harmless from any liability in connection with them.
8. As a lump sum property division the defendant shall pay to the plaintiff the sum of $7800.
9. As counsel fees, the defendant shall pay to the plaintiff the sum of $9,000.
10. The defendant shall name the minor child as the irrevocable beneficiary during her minority of $50,000 of insurance on the defendant's life. He shall provide proof to the plaintiff as she may from time to time request of such insurance.
PITTMAN, J.